UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADEN SEAN MULLEN,

                Petitioner,

    v.

DONALD R. HOLBROOK,

               Respondent.

Case No. C20-5418-RJB-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action proceeding under 28 U.S.C. § 2254. Petitioner filed the instant action while confined pursuant to a 2019 Thurston County Superior Court judgment and sentence. Petitioner has since been released from physical custody. Petitioner asserts in his petition that he did not receive proper credit towards the sentence imposed in his Thurston County Superior Court case for time served in jail on a Tacoma Municipal Court case. Respondent has filed an answer to petitioner's federal habeas petition in which he argues that the petition should be dismissed because petitioner failed to properly exhaust his state court remedies. Respondent has also submitted relevant portions of the state court record. This Court, having reviewed the petition, respondent's response thereto, and the state court record, concludes that this federal

REPORT AND RECOMMENDATION
PAGE - 1

habeas action should be dismissed as moot.

PROCEDURAL BACKGROUND

On November 21, 2018, petitioner pled guilty in Thurston County Superior Court to ten Class C felonies all of which were committed in April and May of 2017. (Dkt. 19, Ex. 1 at 1.) Petitioner was sentenced on July 18, 2019 to a term of 27.75 months of total confinement and 27.75 months of community custody under Washington's prison-based Drug Offender Sentencing Alternative statute (DOSA), RCW 9.94A.662. (*See id.*, Ex. 1 at 4.) Petitioner's sentence was ordered to run concurrently with the sentence imposed in Tacoma Municipal Court Case Number D00046179, and it was ordered that petitioner "receive credit for eligible time served prior to sentencing if that confinement was solely under this cause number. RCW 9.94A.505." (*Id.*)

On July 23, 2020, the Thurston County Superior Court entered an agreed order amending the credit for time served provision of petitioner's original judgment and sentence. (*Id.*, Ex. 2.) In particular, the court added language stating that "the defendant shall receive credit for time served under Tacoma Municipal Case Number D00046179 TAP." (*Id.*)  Petitioner apparently conveyed information regarding the modification of his judgment and sentence to staff at the Washington State Penitentiary (WSP) where he was then incarcerated. (*Id.*, Ex. 8.) WSP staff thereafter took steps to verify petitioner's jail time and, after obtaining all relevant documentation, recalculated petitioner's early release date (ERD) to May 28, 2020. (*See id.*)  It appears that this recalculation occurred on or about August 5, 2020. (*See id.*)  Petitioner was released from confinement to begin serving his term of community custody on August 19, 2020 after required release plans were in place. (*See id.*; Dkt. 18 at 8-9; Dkt. 21.)

/ / /

DISCUSSION

REPORT AND RECOMMENDATION
PAGE - 2

Petitioner identifies two grounds for relief in his petition which together allege that pursuant to both the plea agreement and the judgment and sentence entered in his Thurston County Superior Court case he is entitled to 341 days of credit towards his Thurston County sentence for time served in jail on his Tacoma Municipal Court case which the Washington Department of Corrections (DOC) has failed to credit. (Dkt. 12 at 6-7.) Petitioner seeks immediate release from custody. (*Id.*) Respondent argues that petitioner has failed to exhaust his available state remedies with respect to the claims asserted in the petition because he has not presented those claims to the Washington Supreme Court as violations of federal law and, thus, the petition should be dismissed. (Dkt. 18 at 7-9.)

Pursuant to 28 U.S.C. § 2254(a), an application for writ of habeas corpus may be filed "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." And, in accordance with 28 U.S.C. § 2254(b)(1), a state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus. The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

A review of petitioner's petition reveals that he has not expressly alleged any violation of a federal constitutional right as is required in order to pursue a claim under § 2254. It is also clear

REPORT AND RECOMMENDATION
PAGE - 3

from the face of the petition that petitioner did not present any of his claims to the Washington Supreme Court, either on state law grounds or on federal constitutional grounds. The Court notes, however, that it was unnecessary for petitioner to do so because the Thurston County Superior Court's modification of his judgment and sentence in July 2020 set in motion the process necessary for petitioner to obtain all jail credit he claimed he was entitled to and to secure his release from DOC custody. The Court further notes that these events would appear to render the instant federal habeas action moot.

In order for a federal habeas case to remain justiciable, there must be a continuing case or controversy within the meaning of Article III of the Constitution. A case or controversy requires, among other things, that the alleged injury can be redressed by a favorable decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When a federal habeas claim attacks the validity of the underlying conviction, release from confinement does not render the claim moot because an order vacating the conviction can still provide relief from the collateral consequences of the conviction. *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir.1994) (presumption of collateral consequences prevents mootness when petitioner challenging conviction is released); *see also Wilson v. Terhune*, 319 F.3d 477, 480 (9th Cir.2003) (Chacon applies only to habeas challenges to the underlying conviction).

Petitioner does not challenge his underlying conviction in this federal habeas action but, instead, challenges the manner in which his sentence was calculated and/or executed by the DOC. The relief sought by petitioner in this action is proper application of the jail credit he is entitled to against his Thurston County sentence, and immediate release from custody. Petitioner has now received proper jail credit, his sentence has been recalculated, and he has been released from custody. It thus appears that petitioner can no longer obtain any relief in this action that would

REPORT AND RECOMMENDATION
PAGE - 4

redress an ongoing injury.  Petitioner's petition is therefore moot.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition, and this action, be dismissed as moot.  This Court further recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **January 8, 2021**.

DATED this 17th day of December, 2020.

Mary Alice Theiler
United States Magistrate Judge